Jasper F. Greer, administrator, plaintiff in error *vs.* John F. Courson *et al.*, defendants in error.

The bill in this case is not multifarious.

Greer *vs.* Courson *et al.*

Equity. Multifariousnes. Before Judge BARTLETT. Jones Superior Court. April Term, 1874.

For the facts of this case, see the opinion.

LYON & IRVIN, for plaintiff in error.

J. RUTHERFORD, for defendants.

TRIPPE, Judge.

Mrs. Sarah Townshend conveyed by deed, in February, 1871, certain land to her son, Dennis L. Townshend. Afterwards, in the same month, she made a deed of all her personal property to Jasper F. Greer, as trustee for the children of her deceased son, T. J. Townshend, and of her deceased daughter, Eliza E. Courson. A question is made in this case upon this last instrument—whether it is not a testamentary paper, which will be noticed hereafter. In January, 1872, Mrs. Townshend executed another deed, with warranty, to one-half the land conveyed in the first deed—to the wife and children of John T. Courson, who is one of Mrs. Eliza Courson's children. Mrs. Townshend died intestate in April, 1872, leaving no other property, and Dennis L. died in July thereafter. Greer, the plaintiff in error, and who is mentioned in the second instrument as trustee, took administration on the estates both of Mrs. Townshend and of Dennis L. John F. Courson and wife were in possession of the land mentioned in the deed to his wife and children. Greer, as administrator of Dennis L., filed a bill in October, 1872, against Courson and wife to get possession of the land, and to cancel the deed made to the wife and children, and asking for an injunction, and also as administrator of Mrs. T. and as trustee aforesaid, against all the heirs-at-law of Mrs. Townshend, and the beneficiaries under the *deed of trust*—setting up that it was claimed that said deed was only testamentary and void, and if so, that the property therein mentioned became assets of Mrs. T.'s estate, and praying for a construction of said instrument, and directions as to

his duty in the premises. This bill was sanctioned by the chancellor, and the injunction granted, with an order that the land conveyed in the deed of January, 1872, be surrendered to the administrator of Dennis L. Townshend. No demurrer was filed to this bill, or exceptions taken to the order. John F. Courson then sued Greer for his share of the property contained in the Greer deed, and also brought suit for the use of J. Rutherford, on an order drawn by him on Greer in Rutherford's favor, for part of his interest in said property, and which order was never accepted by Greer. Mrs. Courson (wife of John F. Courson) and children also sued Greer as administrator of Mrs. Townshend, on a breach of the warranty in their deed of January, 1872, alleging that the previous deed to the said Dennis L., was a valid subsisting encumbrance on the land, and constituted a breach of the covenant contained in their deed. Greer then amended his original bill by praying an injunction against these suits, and setting up, among other things, that if the paper called a trust deed, was in fact such, there were no assets to meet the suit for a breach of covenant, and that John F. Courson, the husband and father of the plaintiffs in that action, was claiming by his said action, an interest under that deed. At the October term, 1873, John F. Courson, and his wife and children, severally demurred to the amended bill, on the ground of multifariousness. At the April term, 1874, both demurrers were sustained.

We think that when the case had reached the state it was in, and after the various suits set out were instituted against complainant, he was entitled to his bill, and it was not multifarious. In the question, as to whether the paper called a trust deed is testamentary and void, (for it has but two witnesses,) all the heirs or distributees of Mrs. Townshend are interested and are proper parties—for if it is void, they take the property. Dennis L. Townshend is one of these, and, therefore, Greer, as his administrator, properly introduces himself as a party. John F. Courson is a direct beneficiary under that paper, is suing under it, and of course, should be a

party. Mrs. John F. Courson and children are properly parties, for complainant has a right to ask that their action be enjoined until the question as to whether certain property in his hands is assets of the estate of Mrs. Townshend, to be administered as such by him, or is the property of the beneficiaries in the trust deed is determined. If it be the former, then the administrator might be able to respond to a recovery in their action of covenant. If it be the latter, there would be no assets. As the case stands, he cannot plead with safety to the action at law. The terms of the trust deed are such that the administrator and trustee has the right to get the proper construction of it by the court. And as he is one and the same person, the bill may be said to be in the nature of a bill of interpleader.

If any difficulty on the part of multifariousness could grow out of the question raised in the original bill as to vacating the deed to Mrs. J. F. Courson and children, and recovering the land therein mentioned, that seems to be removed by the subsequent proceedings. Mrs. Courson and children have resorted to the covenant in their deed, and set up as a ground for their right to recover the *validity of the deed to Dennis L. Townshend.* The question, then, as to the right of Greer, as administrator of Dennis, to have the deed to Mrs. Courson and children canceled, seems not to be any longer in the case, and does not arise in considering the demurrer.

Judgment reversed.